```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

KENNETH LARK,

                Plaintiff,

     -vs-              **No. 1:13-CV-00334 (MAT)**

CAROLYN W. COLVIN, ACTING     **DECISION AND ORDER**
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____

**I.   Introduction**

Represented by counsel, Kenneth Lark ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted, and the

matter is reversed and remanded solely for the calculation and payment of benefits.

## II. Procedural History

The record reveals that in February 2007, plaintiff (d/o/b January 30, 1959) applied for SSI. After his application was denied, plaintiff requested a hearing, which was held before administrative law judge Robert T. Harvey ("the ALJ") on July 23, 2009. The ALJ issued an unfavorable decision on August 18, 2009. On December 23, 2010, the Appeals Council reversed and remanded the ALJ's decision, with various instructions including directing the ALJ to further evaluate plaintiff's mental impairments in accordance with the special technique set out in 20 C.F.R. 416.920a, "documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 C.F.R. § 416.920a(c)." T. 116.

A new hearing was held before the ALJ on April 6, 2011, at which plaintiff alleged disability as of an amended onset date of February 27, 2007. The ALJ issued

an unfavorable decision on June 13, 2011. The Appeals Council denied review and this timely action followed.

### III.     The ALJ's Decision

At step one of the five-step sequential evaluation, see 20 C.F.R. § 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since February 27, 2007, the application date. At step two, the ALJ found that plaintiff suffered from the following severe impairments: discogenic and degenerative disease of the cervical and lumbar spine, obesity, depression, and anxiety. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. Regarding plaintiff's mental impairments, the ALJ found that plaintiff had mild restrictions in activities of daily living ("ADLs"), social functioning, and concentration, persistence or pace. The ALJ did not provide any supporting reasoning or facts in relation to the findings regarding plaintiff's mental limitations.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), with various nonexertional limitations. At step four, the ALJ found that plaintiff had no past relevant work. At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy which plaintiff could perform. Accordingly, he found that plaintiff was not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff contends that the ALJ failed to properly weigh the opinions of record, including the March 22, 2011 opinion of treating psychiatrist Dr. Belito Arana.[1] Dr. Arana stated that he could not "render an opinion on [plaintiff's] employability"; however, he provided the following opinion regarding plaintiff's functional capacity:

> Based on our clinical observations, [plaintiff's] primary mental health issues (depression, anxiety, and agoraphobia) have the potential to adversely affect attendance and even require that he take additional breaks to calm symptoms of anxiety. Typical work stressors would likely exacerbate his symptoms of anxiety and lead to decompensation. [Plaintiff's] mental

---

[1] Plaintiff also contends that the ALJ failed to properly follow the instructions of the Appeals Council on remand. The Court does not reach this contention because, as discussed below, Dr. Arana's treating source opinion is dispositive on the issue of disability. However, the Court notes that the ALJ failed to follow several of the Appeals Council's instructions on remand. For example, the ALJ's discussion of plaintiff's mental impairments, with regard to the special technique set forth in 20 C.F.R. § 416.920a, was devoid of "specific findings and appropriate rationale," see T. 116, in support of the ALJ's conclusions as to plaintiff's limitations in the four broad functional domains. In fact, a comparison of the ALJ's original August 18, 2009 decision to his June 13, 2011 decision reveals that his discussion of the four broad functional areas is exactly the same in both. The Court notes that, had a remand for calculation not been warranted based on the ALJ's failure to properly apply the treating physician rule, this error would have separately warranted remand. See Ellis v. Colvin, 29 F. Supp. 3d 288, 299 (W.D.N.Y. 2014) ("The failure of an ALJ to abide by the directives in an Appeals Council remand order constitutes legal error requiring remand.").

> health issues significantly interfere with his activities of daily living and any expectation of sustained attention and concentration on a full-time basis is unrealistic. [Plaintiff] shows no signs or symptoms of malingering.

T. 354. The record reflects that plaintiff was initially evaluated by Dr. Arana in June 2009, and that he was treated by Dr. Arana as recently as February 2011. During the time period from June 2010 through February 2011, plaintiff saw Dr. Arana four times for medication management and treatment. Those treatment notes reflect that, despite management of his condition with medication, plaintiff's chronic symptoms, including paranoia and social anxiety, persisted. Plaintiff's medications included Wellbutrin (an antidepressant), Seroquel (an antipsychotic Dr. Arana noted was prescribed to control plaintiff's auditory hallucinations), and Ambien (a sleep aid). In July 2010, Dr. Arana increased plaintiff's Seroquel dosage, and maintained plaintiff on the increased dosage from that point forward.

The record also contains a detailed panic attack journal, maintained by plaintiff, which recorded episodes numbering from one to six attacks in any given month from

August 2009 through February 2011, and the symptoms associated therewith. T. 723-67. Dr. Arana indicated in a letter dated September 27, 2011 that he was deferring a formal diagnosis of panic disorder. T. 905.

Although the treatment notes contained within the record are relatively sparse, it is apparent from the record that additional treatment notes likely existed but were not provided to the Administration. For example, at plaintiff's initial June 2009 evaluation, Dr. Arana noted that a follow-up four week appointment was scheduled, although a note of such treatment does not appear in the record. However, in the next treatment note dated June 2010, there is no indication that any gap in treatment had taken place, and Dr. Arana recorded adjustment of plaintiff's already-existing prescriptions. It appears from Dr. Arana's treatment notes that he had been treating regularly for the time period from his initial evaluation through the most recent treatment note.

The ALJ gave little weight to Dr. Arana's opinion, for the sole reason that Dr. Arana "[did] not have a longitudinal treatment history with [plaintiff]." T. 20.

However, as discussed above, it appears from the record that Dr. Arana treated plaintiff regularly from his initial evaluation in June 2009 and throughout the relevant time period. At the very least, Dr. Arana had an eight-month (June 2010 through February 2011) longitudinal relationship with plaintiff. Treatment notes from that time period indicate that plaintiff had been diagnosed with generalized anxiety disorder and depressive disorder, not otherwise specified ("NOS"), and was prescribed Seroquel, an antipsychotic medication.

Dr. Arana's March 2011 opinion, which assessed plaintiff as suffering from significant work-related limitations, is consistent with the findings of his treatment notes and with plaintiff's prescription medication regimen. Importantly, there is nothing in the record which contradicts Dr. Arana's opinion. Under these circumstances, as plaintiff argues, Dr. Arana's opinion was entitled to controlling weight under the well-established treating physician rule. See 20 C.F.R. § 416.927(c)(2) ("If we find that a treating source's opinion on the issue(s) of the nature and severity of

your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.").

Given the controlling weight to which it was entitled, Dr. Arana's opinion establishes that plaintiff was disabled as a matter of law. Dr. Arana opined that plaintiff's mental impairments limited him to such an extent that "[t]ypical work stressors would likely exacerbate his symptoms of anxiety and lead to decompensation," "mental health issues significantly interfere[d] with his activities of daily living[,] and *any expectation of sustained attention and concentration on a full-time basis is unrealistic*." T. 354 (emphasis added). As the vocational expert who testified at plaintiff's hearing recognized, such significant limitations would result in plaintiff being unable to maintain a full-time work schedule. See T. 79-82; see also SSR 96-8p (defining "regular and continuing basis"

as "8 hours a day, for 5 days a week, or an equivalent work schedule").

The Court therefore finds that, after a proper application of the treating physician rule, plaintiff's disability status was established by Dr. Arana's controlling opinion. The standard for directing a remand for calculation of benefits is met when the record persuasively demonstrates the claimant's disability, see Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980), and where there is no reason to conclude that the additional evidence might support the Commissioner's claim that the claimant is not disabled, see Butts v. Barnhart, 388 F.3d 377, 385-86 (2d Cir. 2004). For the reasons stated above, that standard is met in this case. Additionally, the Second Circuit "has recognized delay as a factor militating against a remand for further proceedings where the record contains substantial evidence of disability." McClain v. Barnhart, 299 F. Supp. 2d 309, 310 (S.D.N.Y. 2004) (citations omitted). Reversal for calculation of benefits is particularly appropriate in this case because plaintiff's benefits claim has been pending for over nine

years, and has already been remanded once by the Appeals Council. Considering the egregious delay plaintiff has experienced, and the convincing evidence of disability in this case, the Court remands this case solely for the calculation and payment of benefits.

**V.  Conclusion**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Doc. 14) is denied and plaintiff's motion (Doc. 15) is granted. This matter is reversed and remanded solely for the calculation and payment of benefits. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        S/Michael A. Telesca
                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:   March 30. 2016
         Rochester, New York.